Anthony M. Rainone, Esq. (Bar No. 24132003)
Lucas Markowitz, Esq.  (Bar No. 023802011)
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Plaintiff Paula Robles, individually*
*and on behalf of all other persons similarly situated*

<div align="center">

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| PAULA ROBLES, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>VORNADO REALTY TRUST, URBAN EDGE PROPERTIES, HOWARD GOODMAN, KOMAL KALVANI, ALISON BRETT, ABC COMPANIES 1-10 and JOHN DOES 1-10,<br><br>      Defendants. | Civil Action No.: |

<div align="center">

**COMPLAINT AND JURY DEMAND**

</div>

Plaintiff Paula Robles ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys Brach Eichler L.L.C., by way of Complaint, says:

<div align="center">

**NATURE OF THE ACTION**

</div>

1.      This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in the State of New Jersey in the Financial Operations Department, or any other equivalent position, and who

were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the FLSA during the three year period preceding this Complaint.

2.      This is also a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in the State of New Jersey in the Financial Operations Department, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30 (the "NJWHL"), during the two year period preceding this Complaint.

3.      Defendants' violations of the FLSA and NJWHL were willful and Defendants are liable to Plaintiff and all other persons similarly situated for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and any other relief available by law.

4.      Plaintiffs, individually and on behalf of the class, seek a declaration that Defendants have violated the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.; the New Jersey Department of Labor and Workforce Development Regulations, N.J.A.C. §§ 12:56.5.1 and 12:56.5.2; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and the United States Department of Labor, Wage and Hour Division Regulations, 29 C.F.R. § 778.100 et seq.

5.      In addition to these statutory and regulatory violations, Plaintiffs, individually and on behalf of the class, assert claims for unjust enrichment and common law fraud.

6.      As a result of Defendants' unlawful conduct, Plaintiffs and the class are entitled to remedies including, but not limited to, injunctive relief and damages as authorized under the applicable state and federal laws and regulations.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8.      This Court has supplemental jurisdiction over Plaintiff's claims arising under New Jersey State law pursuant to 29 U.S.C. §1367.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims herein occurred in the District of New Jersey.  In addition, Defendants regularly transact business in this District, have a place of business in this District, and this lawsuit arises out of Defendants' activities in this District such that they are subject to personal jurisdiction in the District of New Jersey.

**PARTIES**

10.     Plaintiff Paula Robles, is a citizen of the State of New Jersey with a residence at 191 Terrace Avenue, Jersey City, Hudson County, New Jersey.

11.     Defendant Vornado Realty Trust, commonly referred to as Vornado, is a Maryland corporation with a place of business at 210 Route 4 East, Paramus New Jersey, 07652.

12.     Defendant Urban Edge Properties, commonly referred to as UEP, is a Maryland corporation with a place of business at 210 Route 4 East, Paramus New Jersey, 07652.

13.     Defendant Howard Goodman, upon information and belief, is a resident of the State of New Jersey and has a place of business at 210 Route 4 East, Paramus New Jersey, 07652. Howard Goodman is the Vice President of Accounts Receivable Billing in the Financial Operations Department.

14.     Defendant Komal Kalvani, is a resident of the State of New Jersey with a residence at 88 Durant Lane, Closter, New Jersey, 07624-1311 and is UEP's Director of Accounts Receivable Support Services in the Financial Operations Department.

- 3 -

15.     Defendant, Alison Brett, is a resident of the State of New Jersey with a residence at 1 St. Charles Avenue, Hewitt, New Jersey, 07421-2854 and is Plaintiff's direct supervisor and Billing Manager within the Financial Operations Department.

16.     Defendants ABC Companies 1-10 are entities that discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

17.     Defendants John Does 1-10 are persons who discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

## FACTUAL ALLEGATIONS

18.     According to Vornado's website (www.vno.com), Vornado is "is a fully-integrated Real Estate Investment Trust (REIT). Vornado has a concentration of premier assets and a focused strategy of growing its dominant positions in New York City and Washington, DC office and Manhattan street retail." At all relevant times, Vornado has maintained offices in New York, Washington D.C., and an administrative office in New Jersey.

19.     UEP was one of Vornado's subsidiaries until Vornado completed a "spin-off" of UEP on or about January 15, 2015 at which time UEP became an independent public company trading on the NYSE.  At all relevant times, UEP has maintained a place of business at 210 Route 4 East, Paramus, New Jersey, 07652, as well as another office at 888 Seventh Avenue, New York, New York, 10019.

20.     According to UEP's website (www.uedge.com), Defendant UEP "is a real estate investment trust (REIT) that acquires, develops, owns, manages and improves shopping centers in and on the edge of urban communities. Its owned portfolio comprises 14.9 million square feet in 83 properties and it manages over 5 million square feet for others. Urban Edge's core assets are concentrated in the Washington, DC to Boston corridor and it has a presence in Puerto Rico and California."

21.     Until January 2015 Defendants UEP and Vornado were part of a single integrated enterprise.  At all relevant times until January 2015 Defendants shared common policies and practices with regard to employees, including wages and hours, and were joint employers with regard to Plaintiff and all other persons similarly situated.

22.     Since the UEP spin-off, Plaintiff and similarly situated employees have continued to perform the same job functions, at the same location, retained the same supervisors and rate of pay as they did before the spin-off. Accordingly, after the January 2015 spin-off of UEP, UEP became a successor to Vornado and, as such, UEP is also liable for any wage an hour violations which occurred during the period in which UEP was a Vornado subsidiary.

23.     Plaintiff has been employed by Defendants as a Lease Accountant in the Financial Operations Department from approximately June 30, 2008 through the present.

24.     At all relevant times, Plaintiff was assigned to one of Defendants' Financial Operations Teams, specifically the Accounts Receivable Billing Group within the Financial Operations Department.

25.     The Financial Operations Department is made up of: 1) the Cash Applications Group; 2) Accounts Receivable Billing Group; 3) Accounts Payable; 4) Lease Administration; and 5) Collections.

26.     Plaintiff's primary responsibility was to review leases for specific properties, calculate certain amounts due based on formulas within the leases, and bill lessees accordingly.  At all relevant times, Plaintiff acted solely at the direction of senior team members and did not have any management authority.

27.     All of Plaintiff's work was reviewed by senior team members and Plaintiff did not exercise any discretion or decision making authority.

28.     Upon information and belief, Defendants' full-time employees, such as Plaintiff, are those who work at least 35 hours per week on a regular basis.

- 5 -

29.     Upon information and belief, at all relevant times, the standard workweek for Defendants' full-time employees is Monday through Friday, beginning at 9:00 a.m and ending at 5:30 p.m., until September 2015 when employees will be required to begin work at 8:30 a.m. and end at 5:30 p.m.

30.     Notwithstanding these policies, Defendants expected employees, including Plaintiff, to regularly work in excess of 40 hours per workweek.

31.     Specifically, employees across the Financial Operations Groups, including Plaintiff, were made to work overtime during the "busy season" (January, February and March) for which such employees were not lawfully compensated under the FLSA and NJWHL.

32.     The busy season generally ran from the beginning of January until the end of March.

33.     During the busy season, Plaintiff was made to work in excess of 40 hours per week without overtime compensation as required by the FLSA and NJWHL.

34.     Upon information and belief, during the busy season, employees across the Financial Operations Department, including employees in Plaintiff's group, Accounts Receivable Billing, were made to work in excess of 40 hours per week without overtime compensation as required by the FLSA and NJWHL.

35.     At all relevant times, Plaintiff and all other persons similarly situated regularly worked for Defendants in excess of 40 hours per week without receiving overtime compensation.

36.     Plaintiff herself worked 50 hours or more per week during each of the last three busy seasons.

37.     Recognizing their non-compliance with the FLSA and NJWHL prior to the spin-off, in January of 2015, UEP's General Counsel, Donald P. Casey, held a meeting in which Plaintiff and similarly situated employees were told that they had been previously misclassified as exempt under the

FLSA and that going forward, such employees would be appropriately classified as non-exempt and paid the overtime to which they are entitled under the FLSA and NJWHL. However, no mention was made of compensating Plaintiff and other similarly situated employees for overtime previously worked.

38.     Then, on February 23, 2015, another meeting was held in which UEP management again indicated that all Lease Accountants would be reclassified as non-exempt and paid retroactive overtime only for those overtime hours worked thus far in 2015. To date no retroactive payments have been made.

39.     Defendants have yet to properly re-classify Plaintiff and similarly situated employees in compliance with the FLSA and NJWHL and neither Plaintiff nor similarly situated employees have been paid overtime compensation for current or past work.

40.     Defendants paid Plaintiff bi-weekly.

41.     Defendants paid Plaintiff an annual salary of approximately $61,000-$70,000 during the relevant time periods.

42.     As such, Plaintiff's regular rate of pay was approximately $31.49 per hour, and her overtime rate of pay was approximately $47.24 per hour.

43.     Plaintiff was an employee without discretion or independent judgment with regard to matters of significance.  Plaintiff lacked discretion and independent judgment over how to carry out her own job duties, as an Lease Accountant is expected to follow the instructions of senior team members in performing their functions.  Moreover, all of Plaintiff's work, including emails, were reviewed by senior team members and at no time did Plaintiff exercise any discretion and independent judgment.

44.     Plaintiff was the most junior member of the team, and she did not have any management responsibilities.  She was responsible only for her own work.

45.     Plaintiff's primary duties did not involve management or general business operations.

46.    Plaintiff's primary duties did not involve the exercise of discretion and independent judgment with respect to matters of significance.

47.    Plaintiff's primary duties did not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized academic instruction or study.

48.    Plaintiff's primary duties did not involve work that required invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

49.    Defendants incorrectly classified Plaintiff and all other persons similarly employed as an a member of the Financial Operations Department, or any other equivalent position, as exempt from the FLSA's and NJWHL's overtime requirements and improperly and unlawfully failed to compensate these employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek.

50.    Defendants' violations of the FLSA and NJWHL were willful, repeated, knowing and intentional and significantly damaged Plaintiff and all other persons similarly situated.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

**A.    Class Action Under Fed. R. Civ. P. 23**

51.    Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

52.    Pursuant to Fed. R. Civ. P. Rule 23, Plaintiff seeks to prosecute the claims herein as a class action on behalf of all other persons similarly situated, which includes all persons who were employed, within the meaning of the NJWHL, by Defendants anywhere in the State of New Jersey in the Financial Operations Department, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the NJWHL at any time since three years prior to the date of this Complaint to the entry of judgment in this case.

53.    All members of the class performed the same basic duties and assignments as Plaintiff described above.  Plaintiff and all members of the class were similarly subject to Defendants' common policies and practices of improperly classifying members of the Financial Operations Department, or any other equivalent positions, as exempt employees and/or improperly failing to pay them overtime compensation.

54.    Plaintiff is a member of the class she seeks to represent, and her claims are typical of the claims of the class.  The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the class.

55.    While the precise number of class members is presently unknown to Plaintiffs, the number of class members is likely to include all individuals that were employed or currently are employed by Defendants for the three (3) years preceding the filing of this class action complaint.  Upon information and belief, the number of individuals that were employed or currently are employed by the Defendants exceeds 150 individuals.  Therefore, the number of class members is so numerous that joinder of all class members is impracticable.

56.    Defendants have acted or refused to act on grounds generally applicable to the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

57.    Certification of the proposed class is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of Plaintiff and the class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations.  Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiff, the members of the class, and Defendants.

58.     The class members are so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiff at this time and the facts on which the calculation of that number are presently within the sole control of Defendants.  However, upon information and belief, the number of class members is sufficient to satisfy the numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1).

59.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the class.  There will be no difficulty in the management of this action as a class action.

60.     Plaintiff's interests are co-extensive with those of the members of the proposed class.  Plaintiff is willing and able to represent the class fairly and vigorously pursue their similar individual claims in this action.  Plaintiff has retained counsel and a law firm that is experienced and competent in the fields of employment law, wage and hour law, and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with the members of the proposed class.

61.     Because Defendants have engaged in conduct that is generally applicable to most, if not all, class members, final injunctive and/or declaratory relief is appropriate with respect to the class as a whole.

62.     The cost of proving Defendants' violations of the NJWHL and the regulations promulgated thereunder makes it impracticable for Plaintiff and the members of the class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of litigants with identical claims.  The claims of the class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the class arise from the same course of events and each class member makes similar legal arguments to prove Defendants' liability.

63.     Common questions of law and fact exist as to all class members, and predominate over any questions that solely affect individual class members.  These common questions of law and fact include:

    a.  Whether Defendants employed Plaintiffs and members of the class within the meaning of the NJWHL?

    b.  Whether Defendants improperly classified Plaintiff and members of the class as exempt employees under the NJWHL?

    c.  Whether Defendants engaged in a systematic and widespread practice of failing to pay overtime compensation to hourly employees?

    d.  Whether Defendants engaged in a systematic and widespread practice of failing to pay hourly employees for all hours worked?

    e.  Whether Defendants' failure to pay overtime compensation to hourly employees violates the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.?

    f.  Whether Defendants' failure to pay overtime compensation to hourly employees violates the New Jersey Department of Labor and Workforce Development Regulations, N.J.A.C. §§ 12:56.5.1 and 12:56.5.2?

    g.  Whether Defendants' failure to pay overtime compensation to hourly employees violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.?

    h.  Whether Defendants' failure to pay overtime compensation to hourly employees violates the United States Department of Labor, Wage and Hour Division Regulations, 29 C.F.R. § 778.100 et seq.?

    i.  Whether Defendants are liable for all damages claimed herein?

    j.  Whether Defendants should be enjoined from such violations of the NJWHL in the future?

64.     Plaintiffs will fairly and adequately protect the interests of the class members.  Plaintiffs have no interests antagonistic to the interests of the other class members and have retained counsel experienced in handling class action litigations.

65.     To summarize:

    a.  As a result of Defendants' systematic failure to pay its employees overtime compensation in accordance the applicable state and federal statutes and regulations, the class action

mechanism is superior to all other available means and methods for the fair and efficient adjudication of this controversy since:

b. the expense and burden of individual litigations filed by each present and former employee of Defendants makes it difficult, if not impossible, for individual class members to obtain relief for Defendants' unlawful conduct;

c. the joinder, in a single action, all individual members of the class is impracticable;

d. the damages suffered by each individual class member will be difficult to measure in monetary terms and may likely be in amounts that make it impractical for each individual class member to pursue; and

e. the requested injunctive relief will impact a significant number of class members as well as benefit the future employees of the Defendants.

**B.** **Collective Action Under 29 U.S.C. §216(b)**

66. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

67. Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute the claims herein as a collective action on behalf of all other persons similarly situated, which includes all other persons who were employed by Defendants anywhere in New Jersey State in the Financial Operations Department, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week in violation of the FLSA at any time since three years prior to the date of this Complaint to the entry of judgment in this case.

68. The putative party plaintiffs all performed the same basic duties and assignments as Plaintiff described above. They were all subject to Defendants' common policies and practices of improperly classifying members of the Financial Operations Department, or any other equivalent position, as exempt employees and/or improperly failing to pay them overtime to which they are entitled. Plaintiff's claims herein are similar to those of the putative party plaintiffs.

69.     Defendants violated the FLSA by failing to pay members of the Financial Operations Department, or any other equivalent positions, one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

70.     Defendants' violations of the FLSA were willful, repeated, knowing and intentional, and significantly damaged Plaintiff and the putative party plaintiffs.

71.     Pursuant to 29 U.S.C. §§207(a)(1) and 216(b), Defendants are liable to Plaintiff and the putative party plaintiffs for the full amount of unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of Plaintiff and the putative party plaintiffs.

72.     Plaintiff is currently unaware of the identities of all putative party plaintiffs. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as members of the Financial Operations Department, or any other equivalent positions, anywhere in the State of New Jersey during the three year period prior to the filing date of this Complaint, stating their last known addresses, telephone numbers and email addresses, so that Plaintiff can provide such putative party plaintiffs notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## COUNT ONE
### Fair Labor Standards Act

73.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

74.     At all relevant times, each Defendants have been and continue to be an employers engaged in interstate and international commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. §203.

75.     Defendants maintain offices within and outside of the State of New Jersey and regularly interact with clients internationally.  Defendants' employees regularly travel from outside the State of New Jersey and work with other employees outside of the State of New Jersey.

76.     Upon information and belief, Defendants employ thousands of employees and have an annual dollar volume of sales or business well in excess of $500,000.

77.     At all relevant times, Plaintiff and all putative party plaintiffs were and/or are employees of Defendants within the meaning of the FLSA, 29 U.S.C. §203.

78.     Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216.

79.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

80.     Plaintiff and the putative party plaintiffs were not exempt from the requirement that Defendants pay them overtime compensation under the FLSA, and they are entitled to be paid overtime compensation by Defendants for all overtime hours worked during the three years prior to the date of this Complaint.

81.     At all relevant times, Plaintiff and the putative party plaintiffs regularly worked in excess of 40 hours per workweek.

82.     At all relevant times, Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA as alleged herein, by improperly classifying Plaintiff and the putative party plaintiffs as exempt from the provisions of the FLSA and by failing or refusing to pay them overtime pay for their hours worked in excess of 40 hours in a workweek.

83.     The foregoing conduct of Defendants constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

84.     Plaintiff, on behalf of herself and all other persons similarly situated, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relied as this Court deems just and proper.

85.     The United States Department of Labor, Wage and Hour Division Regulations, 29 C.F.R. § 778.100 et seq., provide:

    a.     that an employee must receive "a general overtime rate of pay not less than one and one-half times the employee's regular rate … for all hours worked in any workweek in excess of the applicable maximum hours;"

    b.     that an employer "is prohibited from employing the employee in excess of the prescribed maximum hours in such workweek without paying him the required extra compensation for the overtime hours worked at a rate meeting the statutory requirement;" and

    c.     that "40 hours [is] the maximum number that an employee subject to its provisions may work for an employer in any workweek without receiving additional compensation at not less than the statutory rate for overtime."

86.     Defendants violated these regulations by:

    a.     intentionally, purposefully and/or knowingly altering payroll and time records to ensure that non-exempt, hourly and/or salaried employees would not earn overtime compensation to which they were entitled; and

    b.     failing to pay overtime compensation to non-exempt, hourly and/or salaried employees; and

    c.     requiring and directing that employees clock out but continue working to complete their work tasks without compensation.

87.     As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

## COUNT TWO
### New Jersey Wage and Hour Law

88.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

89.     Pursuant to N.J.S.A. 34:11-56a4, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.

90.     Pursuant to N.J.S.A. 34:11-56a25, an employer who fails to pay overtime shall be liable for the amount of any underpayments plus attorneys' fees and costs.

91.     At all relevant times, Defendants willfully and repeatedly failed to pay Plaintiff and all members of the class at least one and one-half their regular rate for hours worked in excess of 40 per workweek.

92.     As a result of Defendants' failure to pay Plaintiff and the members of the class overtime compensation, Defendants have violated N.J.S.A. 34:11-56a4.  Defendants' violations of New Jersey law have significantly damaged Plaintiff and the members of the class, entitling them to recover the total amount of unpaid overtime compensation.

93.     Plaintiff, on behalf of herself and all other persons similarly situated, seeks damages in the amount of unpaid overtime compensation as provided by the N.J.S.A. 34:11-56a25, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relied as this Court deems just and proper.

94.     Pursuant to the New Jersey Department of Labor and Workforce Development Regulations, N.J.A.C. § 12:56.5.1, "[e]mployees entitled to the benefits of the [Wage and Hour] act shall be paid for all hours worked."

95. Pursuant to the New Jersey Department of Labor and Workforce Development Regulations, N.J.A.C. § 12:56.5.2, "[a]ll the time the employee is required to be at his or her place of work or on duty shall be counted as hours worked."

96. Defendants violated these regulations by:

a. intentionally, purposefully and/or knowingly altering payroll and time records to ensure that non-exempt, hourly and/or salaried employees would not earn overtime compensation to which they were entitled; and

b. failing to pay overtime compensation to non-exempt, hourly and/or salaried employees; and

97. As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

**COUNT THREE**
**Unjust Enrichment**

98. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

99. Plaintiffs and the class members conferred a substantial benefit upon Defendants by working overtime hours. Defendants, however, failed to compensate Plaintiffs and the class members for these overtime hours.

100. The receipt and retention of this benefit by Defendants constitutes unjust enrichment.

101. As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

**COUNT FOUR**
**Common Law Fraud**

102. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

103.    Defendants misrepresented the amount of hours worked by Plaintiffs and the class members by intentionally, purposefully and/or knowingly altering payroll and time records to ensure that hourly employees would not earn overtime compensation to which they were entitled.

104.    Defendants have issued and continue to issue pay checks to Plaintiffs and the class members that Defendants knew or should have known omitted overtime hours worked by Plaintiffs and the class members.

105.    Defendants' misrepresentations were made with the intent that Plaintiffs and the class members rely upon them.

106.    Plaintiffs and the class members reasonably relied upon Defendants' misrepresentations to their detriment.

107.    As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other persons similarly situated, respectfully requests that the Court grant the following relief:

a.   Declare this action to be maintainable as a collective action pursuant to the FLSA and direct Defendants to provide Plaintiff with a list of all persons employed by Defendants in the Financial Operations Department, or any other equivalent position, during the three years preceding this Complaint, including the last known address, telephone number and email address of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

b.   Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 and designate Plaintiff as class representative and her counsel of record as class counsel;

c.   Declaratory judgment that the practices complained of in this Complaint are unlawful pursuant to the FLSA and the NJWHL;

d.   Award unpaid overtime compensation due under the FLSA and the NJWHL;

e.   Award permanent injunctive relief to Plaintiffs and the class members, restraining and enjoining Defendants from requiring employees to perform "off the clock" work;

f.   Award permanent injunctive relief to Plaintiffs and the class members, compelling Defendants to pay overtime compensation to non-exempt hourly employees in accordance with state and federal law;

g.   Award liquidated damages under the FLSA and the NJWHL;

h.   Award attorneys' fees and costs under the FLSA and the NJWHL;

i.   Pre- and post-judgment interest; and

j.   Any other relief that this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff, on behalf of herself and all other persons similarly situated, hereby requests a trial by jury on all issues and claims so triable.

Respectfully submitted,

BRACH EICHLER, L.L.C.

Anthony M. Rainone, Esq.
Lucas A. Markowitz, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
arainone@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff Paula Robles, individually and on behalf of all other persons similarly situated*

Dated: February 24, 2015

## LOCAL RULE 11.2 CERTIFICATION

I, Anthony M. Rainone, Esq. the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Respectfully submitted,

BRACH EICHLER, L.L.C.

Anthony M. Rainone, Esq.
Lucas A. Markowitz, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
arainone@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff Paula Robles, individually and on behalf of all other persons similarly situated*

Dated: February 24, 2015

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAULA ROBLES, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>VORNADO REALTY TRUST, URBAN EDGE PROPERTIES, HOWARD GOODMAN, KOMAL KALVANI, ALISON BRETT, ABC COMPANIES 1-10 and JOHN DOES 1-10,<br><br>      Defendants. | Civil Action No.: |

**CONSENT TO JOIN COLLECTIVE ACTION
AND BE REPRESENTED BY PLAINTIFF
AND HER COUNSEL**

- I, _____ _____, consent to join the above-styled lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act;

- I authorize the named Plaintiff to file and prosecute the above-referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including the negotiation for a resolution of my claims;

- I agree to be represented by Brach Eichler LLC, counsel for the named Plaintiff;

- In the event this action is conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against the Defendants.

Name: _____      Date: _____

Address: _____

_____

Telephone Number: _____

- 22 -

Email: _____

Signature: _____