NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAULA ROBLES *individually and on behalf of all other persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>VORNADO REALTY TRUST et al,<br><br>Defendants. | Civil Action No. 15-1406 (JLL) (JAD)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon Plaintiffs' Motion to Conditionally Certify the Class. (ECF No. 29). The Court has carefully considered the submissions made in support of and in opposition to the instant motion. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons stated below, Plaintiffs' Motion, (ECF No. 29), is **GRANTED**.

**I. BACKGROUND**

On February 24, 2015, Plaintiff Paula Robles, on behalf of herself and all other persons similarly situated, brought this action against Vornado Realty Trust ("Vornado") and Urban Edge Properties ("UEP") for, *inter alia*, damages and other relief relating to overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*(hereinafter the "FLSA"). (*See* Complaint, ECF No. 1, ¶1). On April 28, 2015, Defendants answered the Complaint denying that they violated the FLSA. (Answers, ECF Nos. 24, 26, ¶ 1). Plaintiff (and five of the

1

current opt-in Plaintiffs) were employed as Lease Accountants in the Financial Operations Department by Defendant, Vornado Realty Trust. (Pls.' Br., ECF No. 29-1 at 6).[1] Defendant UEP is a real estate investment trust and was one of Vornado's subsidiaries until it became a publically traded company on the NYSE by January 15, 2015. (Id. at 8). Plaintiffs' claims stem from their working of more than forty hours per week but failing to be compensated for this overtime by Defendants Vornado and UEP.

On July 10, 2015, Plaintiffs moved for: 1) conditional collective action certification; 2) court authorized notice; and 3) production of names and addresses of prospective members of the class pursuant to 29 U.S.C. § 216 (b). Specifically, Plaintiff seeks certification of a proposed class of: "[P]ersons who were employed by Defendants anywhere in the State of New Jersey in the Financial Operations Department, or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the FLSA during the three year period preceding th[e] Complaint." (Complaint, ECF No. 1, ¶1).[2] As to conditional certification, Plaintiffs argue the Lease Accountants and the majority of the Financial Operations Group are similarly situated in that: 1) they routinely work in excess of 40 hours per week without being paid overtime compensation as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a); and 2) they perform non-exempt, functionally equivalent job duties for their job titles regardless of their work for Vornado or UEP. (Id.). Defendants claim however, that Plaintiffs have failed to show that the putative class is similarly situated for three overarching reasons.

---

[1] Page numbers of briefing refer to ECF Header numbers.
[2] The operative Complaint was filed February 24, 2015.

First, Defendants assert Plaintiffs lack personal knowledge as to whether putative class members, and other Lease Accountants, were receiving overtime compensation for hours worked in excess of forty per week. (Defs.' Br., ECF No. 32 at 15). Next, Defendants state that Plaintiffs improperly seek to challenge the designation of the administrative exemption of multiple categories of employees in different departments with different job functions while having this Court grant wholesale certification of all these different positions. (Id. at 17). This is improper, according to Defendants, because an individualized, factual inquiry into *each* position is necessary to determine liability (*i.e.* determine whether each of the different positions satisfies the administrative exemption), the nature of this action itself precludes proceeding on a collective basis. (Id. at 17-18). Finally, Defendants argue that they have affirmatively shown that the proposed class members are not similarly situated insofar as certain proposed class members (i) have been classified as non-exempt throughout the entirety of the applicable statute of limitations period; (ii) hold a variety of job positions; (iii) perform dissimilar job duties and responsibilities; and (iv) are supervised by four different supervisors. (Id. at 20).

## II. LEGAL STANDARD

The FLSA requires employers to pay overtime compensation for an employee's work in excess of 40 hours per week. 29 U.S.C. § 207. *Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68, 78 (D.N.J. 2014). Pursuant to 29 U.S.C. § 216(b), an employee who has been denied overtime compensation may bring an action "for and in behalf of himself or themselves and other employees similarly situated" who were affected by their employer's common policy. The FLSA provides employees with the ability to bring a "collective action" on behalf of themselves and "similarly situated" employees. *See* 29 U.S.C. § 216(b). Unlike an opt-out class action brought pursuant to

Federal Rule of Civil Procedure 23(b) (3), a collective action brought under the FLSA is an "opt-in" action. That means that all members of the collective action must affirmatively elect to participate. *Barrios v. Suburban Disposal, Inc.*, No. 2:12-CV-03663 WJM, 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013).

Courts routinely treat collective action certification under the FLSA as a two-step process. First, courts consider whether to grant "conditional certification"—the kind of certification which is the issue of this current Motion. However, "conditional certification' is not really a certification but rather is "the district court's exercise of [its] discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under [the] FLSA." *Zavala v. Wal–Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir.2012) (internal quotations and citations omitted) (citing *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 (3d Cir.2011) *rev'd on other grounds, Symczyk,* 133 S.Ct. at 1526 (internal quotations omitted)).

At the current stage, this Court applies a "fairly lenient standard" to determine whether the named plaintiffs have made a "modest factual showing" that the employees identified within the complaint are "similarly situated." *Id.* A "modest factual showing" requires plaintiffs to "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 536 n. 4 (quoting *Symczyk,* 656 F.3d at 193). Generally, courts make this determination by examining the pleadings and affidavits in support or opposition to the proposed collective action. *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014) (citing *Herring v. Hewitt Associates, Inc.*, Civ. 06–267(GEB), 2007 WL 2121693, at *5 (D.N.J. July 24, 2007). If the

4

plaintiff is successful in making this showing, the court "conditionally certifies" the collective action for the purposes of notice and pretrial discovery. *Zavala,* 691 F.3d at 536.

## III. DISCUSSION

Given that the parties have not engaged in discovery sufficient to make a final determination, the Court reviews the parties' arguments under the first-stage analysis. The Court has thoroughly examined the pleadings and declarations in support of and in opposition to the proposed collective action. The Court finds that Plaintiffs have made the modest factual showing required for conditional certification but finds certain alterations to Plaintiffs' purported Notice to the Class are appropriate.

### A. Plaintiffs are Similarly Situated

The Declarations submitted by Plaintiffs are substantially similar. That is, all of the opt-in Plaintiffs[3] submitted declarations stating that they worked as Lease Accountants for Defendant Vornado until January 1, 2015 when each became a UEP employee as a result of UEP's spin-off from Vornado. (ECF Nos. 29-4, 29-5, 29-6, 29-7, 29-8, 29-9, ¶2). Plaintiffs also state their department and categorize such as a "subgroup in the Financial Operations Department." (Id. ¶¶5-6). Following UEP's spin-off from Vornado, each Plaintiff maintains that UEP's General Counsel stated that all members of the Financial Operations Department has been misclassified as exempt under the FLSA and that going forward, they would be reclassified as non-exempt and paid overtime. (Id. ¶13).[4] However, prior to 2015, Plaintiffs claim that they worked more than 40 hours

---

[3] Specifically, Plaintiffs Vasilenko, Young, Vera, Isidro, Wallace, and Robles each submitted declarations. (ECF Nos. 29-4, 29-5, 29-6, 29-7, 29-8, 29-9).
[4] Thus, refuting Defendants' assertion that what Plaintiffs are really challenging is the determination of whether they are exempt under the FLSA.

per week, and that they were not paid overtime because "Defendants never maintained a system to accurately track overtime hours." (Id. at ¶¶10, 12). Plaintiffs also indicate that they are not aware of a single member in the Financial Operations Department who was paid overtime until the 2015 reclassification. (Id. ¶24). Accordingly, Plaintiffs have "produce[d] some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala,* 691 F.3d at 536 (quoting *Symczyk,* 656 F.3d at 189).

Despite the aforementioned Declarations, Defendants contend that Plaintiffs are not similarly situated to Plaintiff Robles. A review of Defendants' submissions is worthwhile. Defendants essentially attack Plaintiffs' claims that the sub-groups of the Financial Operations Department purport similar salaries and circumstances of employment. First, Defendants submit the Declaration of David Perl, Vornado's Vice President of Lease Administration who explains that Lease Accountants and Lease Administrators have different work obligations. (ECF No. 32-1, ¶5). Defendants also provided the Court with a Declaration from the Vice President of Financial Operations at UEP, Howard Goodman, who states that during his employment at Vornado there was no "Financial Operations Department" and to the best of his knowledge the functions under UEP's Financial Operations Department were part of several other departments under Vornado. (ECF No. 32-2, ¶3). Mr. Goodman also states that Lease Accountants perform completely different work that staff members in accounts payable, cash collections, cash application and lease administration. (Id. ¶11). Further, Jayne Higgins, Vornado's Vice President of "Accounts Payable" also bolstered this point, stating that Accounts Payable Processors have different duties from Lease Accountants. (ECF No. 32-3, ¶¶5-6). And finally, Vornado's "Accounts Receivable"

6

Vice President, Jill Rothschild, explained that Lease Accountants are not similarly situated to cash and collection employees as their responsibilities are different. (ECF No. 32-4, ¶¶5-7).

The Court however, remains convinced that at this juncture, Plaintiffs have provided enough evidence that they are similarly situated. Specifically, Plaintiffs, by way of Reply Brief, concede that they have only offered evidence of the following sub-groups within the Financial Operations Department: 1) the Accounts Receivable Billing Group; 2) the Lease Administration Group; and 3) the Cash Applications Group. (See ECF No. 33 at 2, 16). For this reason the Court will conditionally certify only these groups. More to the point, the various Declarations submitted by Defendants miss the mark in that they describe a different structure at UEP but fail to show that opt-in plaintiffs bring different claims and/or seek a different form of relief. *Pearsall-Dineen v. Freedom Mortgage Corp.,* 27 F. Supp. 3d 567, 570 (D.N.J. 2014) (citing *Adami,* 299 F.R.D. at 79). Indeed, Plaintiffs claim that they are entitled to overtime compensation prior to the reclassification and Defendants do not contend that the relevant sub-groups of the Financial Operations Department were inapplicable to this reclassification. Further, Plaintiffs purport that they shared the same job responsibilities and were all subject to policies requiring them to work in excess of forty hours per week but were not compensated for those excess hours. The conditional certification decision "typically results in 'conditional certification' of a representative class," and this case is no exception. *See Morisky v. Public Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 496 (D.N.J.2000)(internal quotation and citation omitted).

## B. Notice

Upon conditional certification of a FLSA collective action, a court has discretion to provide court-facilitated notice to potentially eligible members of the collective action. *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Such notice

ensures that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* The notice also "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." *Id.* at 172, 110 S.Ct. 482.

Defendants claim that the proposed notice submitted by Plaintiffs is inappropriate as it fails to alert potential plaintiffs of certain contingencies affecting their rights to participate in the instant lawsuit. For example, these include: 1) their right to obtain their own counsel or bring their own case within the relevant statute of limitations period; 2) the Court's later possible determination that some Plaintiffs may not be part of this collective action; 3) the possibility that opt-in plaintiffs may be required to participate in written discovery; 4) the possibility that if Defendants prevail, the opt-in plaintiffs may be responsible for certain litigation costs; and 5) Defendants' counsel's contact information. (ECF No. 32 at 21). Plaintiffs do not appear to specifically oppose these additions but rather indicate that these notice provisions were accepted in a previous case in this District. (*Citing Pearsall-Dineen v. Freedom Mortgage Corp.*, 27 F. Supp. 3d 567 (D.N.J. 2014).

Indeed, the proposed notice form provides a short description of the lawsuit, explains class members' right to make a claim, the effect of doing so, the relevant statute of limitations, a notice that FLSA prohibits retaliation against employees who join the action, and a consent form for employees who wish to opt into the collective action. *Pearsall-Dineen v. Freedom Mortgage Corp.*, 27 F. Supp. 3d 567, 573. Further concerning distribution of the notice, a ninety-day notice period for potential class members was proposed, which is a notice period this Court deems appropriate and reasonable. Thus, the Court agrees with Plaintiffs with one caveat.[5] That is,

---

[5] Keeping in mind that district courts may "regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules." *Id.* (internal quotation mark omitted) (quoting

although the proposed notice does indicate opt-in plaintiffs' right to bring their own case, it does not explain that this can be done with their own counsel. With this in mind, the Court finds this addition (as well as the addition of Defendants' counsel's contact information) shall be made before the notice is distributed.

Finally, Defendant shall produce the relevant names, addresses, phone numbers and email addresses of potential class members, as such material may properly be discovered to facilitate notice of a FLSA collective action. *See Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482. The Court notes that such was not objected to by Defendants.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Conditional Certification, (ECF No. 29), is **GRANTED**.

An appropriate Order accompanies this Opinion.

DATED: 8/21/15

Jose L. Linares
United States District Judge

---

Fed.R.Civ.P. 83); *see also Garcia v. Freedom Mortg. Corp.,* No. 09–cv–2668 (JEI), 2009 WL 3754070, at *6 (D.N.J. Nov. 2, 2009).